MATTER OF M/V "TRINITY MARINER"

In Fine Proceedings

BAL–10/1.528

*Decided by Board May 3, 1978*

(1) A Service delay in instituing fine proceedings which prevents the carrier from presenting evidence on the issue of mitigation is a mitigating factor in a fine under section 254 of the Act.

(2) An alien crewman admitted in TRWOV status to proceed to his vessel ceases to be a TRWOV nonimmigrant upon joining the vessel and assumes the status of a crewman; the provisions of section 254 of the Act are thereafter applicable to him and liability for fine under section 271 of the Act does not lie.

(3) One or multiple violations by the same crewman in the course of a single trip to the United States results in a single fine under section 254 of the Act.

(4) Failure to report a desertion within 24 hours of the time such desertion becomes known constitutes lack of compliance with section 251 of the Act; the express language of section 251 precludes remission of the fine once liability has been established.

BASIS FOR FINE: Act of 1952—Section 251 [8 U.S.C. 1281]
                      Section 254 [8 U.S.C. 1284]
                      Section 271 [8 U.S.C. 1321]

In re: M/V "TRINITY MARINER," which arrived at the port of Baltimore, Maryland, from foreign, on March 19, 1974. Alien crewman involved: GWO JONG LUH

ON BEHALF OF CARRIER:
  Geoffrey S. Tobias, Esquire
  Ober, Grimes, & Shriver
  1600 Maryland National Bank Building
  Baltimore, Maryland 21202

ON BEHALF OF SERVICE:
  George W. Masterton
  Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

This is an appeal from the decision of the District Director dated September 12, 1977, finding that the appellant carrier had incurred fines totaling $2,010 arising from its failure to detain an alien crewman. Since it appears that the appeal may have been untimely filed, we shall consider the case on certification as provided by 8 C.F.R. 3.1(c). The appeal will be sustained in part and dismissed in part.

The alien crewman arrived in Seattle, Washington, by air on March 7, 1974, en route to join the M/V "Trinity Mariner" at Portland, Maine,

and was issued a Form I-94, Arrival-Departure Record, endorsed as follows:

> ·TRWOV
> AUTHORIZED BY AGREEMENT
> UNDER SEC. 238(d), I. & N. ACT
> ADMITTED SEA
> DATE *3-7-74* 1/I NO. *307*
> CARRIER MUST ASSURE DEPARTURE
> OF ABOVE NAMED PERSON
> BY *3/7/74* VIA *TRINITY MARINER*
> FROM (PORT) *PORTLAND, ME.*

The crewman jointed the vessel which thereupon sailed coastwise, arriving at Baltimore without touching foreign on March 19, 1974. On March 29,1974, the crewman was apprehended at the Greyhound Bus Depot in Baltimore in possession of a one-way ticket to Boston. He was returned to the vessel and ordered detained and deported by Service of a Form I-259 on representatives of the vessel. On April 15, 1974, after the vessel had sailed foreign, the Service was notified that the crewman had deserted the vessel on April 12, 1974.

In June, 1976, over two years after liability for fine was incurred, a Form I-79, Notice of Intention to Fine, was issued alleging violations of section 251 of the Immigration and Nationality Act, 8 U.S.C. 1281 (failure to file a timely notice of a desertion); section 254 of the Act, 8 U.S.C. 1284 (failure to detain on board an alien crewman ordered detained); and section 271 of the Act, 8 U.S.C. 1321 (failure to prevent the unauthorized landing of an alien). All of the above charges were sustained by the District Director who imposed fines in the amount of $1,000 each for violations of sections 254 and 271 and $10 for violation of section 251, the maximum penalties provided by the Act.

On appeal, counsel does not contest the Service's allegation that the crewman had deserted and he thus concedes liability for fine. He contends, however, that by the time the Notice of Intention to Fine had been served, all parties with knowledge of the events in issue had long since severed their relationship with the vessel and records relevant to a determination of whether mitigation may be warranted were no longer available. In essence, counsel argues that the Service's long delay in bringing these proceedings precluded the appellant from presenting any evidence which would justify mitigation of the fine and that the imposition of maximum penalties under these circumstances constitutes a violation of the appellant's due process rights.

Inasmuch as the Service's failure to act promptly appears to have prevented the appellant from establishing mitigation as counsel contends, we shall mitigate the fine on the section 254 charge to $200, the maximum reduction allowable under the statute.

509

We find, however, that liability for fine under section 271 of the Act,[1] does not lie on the facts of this case and we shall accordingly grant remission of the fine imposed pursuant to that section. We have held that once an alien crewman admitted in TRWOV status to proceed to his vessel has joined the vessel, the purpose of his transit without visa is fulfilled; he ceases to be a TRWOV nonimmigrant and assumes the status of a crewman at the time he joins his vessel and the provisions of section 254 of the Act are thereafter applicable to him. See *Matter of M/V Ferrol*, 14 I. & N. Dec. 18 (BIA 1972). In *Matter of SS Greystoke Castle and M/V Western Queen*, 6 I. & N. Dec. 112 (BIA 1954; A.G. 1954), a case decided on a different issue, we observed that the effect of the phrase "including an alien crewman whose case is not covered by section 254(a)" in section 271 is to exclude from the provisions of section 271 alien crewman whose cases fall within section 254. The Board stated, "where Congress has prescribed a specific procedure in section 254(a) to prevent the unauthorized landing of alien crewmen, the similar provisions of section 271(a) were to be inapplicable in such cases." Inasmuch as the alien in the present case became a crewman upon joining the M/V "Trinity Mariner" on March 7, 1974, his case is covered by Section 254 and, consequently, the fine under section 271 was improperly imposed.

While it appears that two separate violations of section 254 may be involved in this case, one or multiple violations by the same crewman results in a single fine under section 254. See *Matter of M/V Signeborg*, 9 I. & N. Dec. 6 (BIA 1960).

We agree with the District Director that liability for fine has been incurred under section 251 of the Act. Failure to report a desertion within 24 hours of the time such desertion becomes known constitutes lack of compliance with that section. See 8 C.F.R. 251.2. The express language of section 251 bars remission of the fine once liability under the statute has been established.

We shall modify the District Director's decision in accordance with the foregoing opinion.

**ORDER:** The decision of the District Director is modified to provide for mitigation of the penalty under section 254 to the extent of $800 and for remission of the penalty under section 271; and that so modified, the decision of said official is hereby affirmed. The penalty is permitted to stand at $210.

---

[1] Section 271 provides in pertinent part: "(a) It shall be the duty of every person . . . bringing an alien to, or providing a means for an alien to come to, the United States (including an alien crewman whose case is not covered by section 254(a)) to prevent the landing of such alien in the United States at a port of entry other than as designated by the Attorney General or at any time or place other than as designated by the immigration officers".